164 N.J. Super. 155 (1978)
395 A.2d 909
FRANK DeBLANCO AND F & H REALTY CO., PLAINTIFFS-RESPONDENTS,
v.
DONALD DOOLEY, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF ANITA WILLIS, DECEASED, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 6, 1978.
Decided December 6, 1978.
*157 Before Judges FRITZ, BISCHOFF and MORGAN.
Messrs. Richardson & O'Connor, attorneys for appellant (Mr. James C. Richardson on the brief).
Messrs. Lieberman & Ryan, attorneys for respondents (Mr. Marvin S. Lieberman on the brief).
PER CURIAM.
The administrator ad prosequendum of the estate of Anita Willis appeals from the judgment in favor of plaintiffs in the amount of $6,000. This judgment concerned two separate loans allegedly made to the deceased. Anita Willis, in 1971. The first of these was a $1,000 loan from plaintiff F & H Realty Company and the second was in the amount of $5,000 from plaintiff DeBlanco. On this appeal defendant argues that the judgment against the estate is against the weight of the evidence. We conclude that the judgment for the $5,000 loan was amply supported by the record; with respect to the $1,000 loan, however, we agree with defendant that the evidence was insufficient to justify judgment in favor of plaintiff.
The facts are simply stated. Plaintiff DeBlanco, the only witness, testified that he and decedent Anita Willis had a close relationship, both personal and business, prior to her death in November 1972. Though married to another, DeBlanco indicated he was in love with Mrs. Willis. He was also her business associate in a real estate brokerage enterprise known as Anita Willis, Inc., each holding 49 shares in this corporation. DeBlanco testified, however, that he was only a silent partner who did not actively *158 participate in the business and never received any "salary or pay" from the corporation.
On February 11, 1971 DeBlanco drew a check on the account of another of his interests, F & H Realty Co., in the amount of $1,000 payable to Anita Willis, Inc. Except for the check itself, the only evidence concerning this alleged loan was DeBlanco's testimony that the check represented a loss to Anita Willis in her individual capacity, which loan was never repaid despite previous demand for payment.
Because this suit was brought against the deceased's estate, plaintiff was obligated to prove his case by a higher standard of proof than ordinarily obtains. N.J.S.A. 2A:81-2, commonly known as the Dead Man's Act, requires that such claims be established "by clear and convincing proof."
Nothing in the record suggests that the trial judge evaluated the evidence under the clear and convincing standard. Exercising our original jurisdiction (R. 2:10-5), we conclude that the unsupported testimony of an interested party, such as plaintiff here, that a check made payable to a corporation was actually a loan to an individual, simply does not meet that standard. Accordingly, we vacate that portion of the judgment relating to the $1,000 loan.
The $5,000 loan stands on a different footing. This transaction which occurred on August 25, 1971 was formalized by a promissory note. The note is in the usual form, with all necessary requisites for a valid note, the only peculiarity being in the signature of the maker. The note is signed:
 Anita Willis
 Anita Willis, Inc.
Because this "note" is a valid negotiable instrument (N.J.S.A. 12A:3-104(1) and (2)(d)), it is governed by the provisions of the Uniform Commercial Code  "Commercial Paper," N.J.S.A. 12A:3-101 et seq., in particular by N.J.S.A. 12A:3-403, which provides as follows:

*159 (1) A signature may be made by an agent or other representative, and his authority to make it may be estabilshed as in other cases of representation. No particular form of appointment is necessary to establish such authority.
(2) An authorized representative who signs his own name to an instrument
(a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;
(b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.
(3) Except as otherwise established the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity.
Because of the form of signature, subparagraphs (2)(a) and (3) are inapplicable. The precise situation presented here is governed by N.J.S.A. 12A:3-403(2)(b).
Defendant contends that the obligation is a corporate one; hence the judgment against the estate of Anita Willis is inappropriate. Not so. N.J.S.A. 12A:3-403(2)(b) clearly indicates that Anita Willis is personally obligated notwithstanding the appearance of both her signature and that of her corporation on the note, because the note lacks any suggestion she signed it in a representative capacity.
Plaintiff DeBlanco testified that the understanding between the parties was that the obligation was Anita Willis' in her individual capacity. There was no objection to this uncontradicted testimony. Indeed, defendant's counsel actively pursued the matter on cross-examination.
Defendant suggests that DeBlanco's testimony established that the intent was to bind the corporation only. The trial judge found to the contrary and we see no reason to disturb that finding which is based on sufficient credible evidence in the record. Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 484 (1974); State v. Johnson, 42 N.J. *160 146, 162 (1964). We add that the note itself, the check in the amount of $5,000 payable to the corporation, and plaintiff's testimony (which the trial judge found "believable") constitute sufficient proof to meet the clear and convincing standard of N.J.S.A. 2A:81-2.
Accordingly, we vacate the judgment previously entered and remand to the trial court for entry of judgment in favor of plaintiff in the amount of $5,000 plus costs. We note that no interest was charged on the original $6,000 judgment and none will be ordered with respect to the $5,000 judgment.
No costs to either party.